**METROPCS, a brand of T-Mobile USA, Inc., a Delaware Corporation, Plaintiff,**

**v.**

**SD PHONE TRADER, a d/b/a of Carlos Elizondo and Ramon Elizondo; Carlos Elizondo a/k/a Carlos Alberto Elizondo a/k/a Carlos A. Elizondo a/k/a Jose Gomez, individually and d/b/a EC Wireless, EC Wireless One Touch Communications, and EC Wireless**

#3; and Ramon M. Elizondo a/k/a Ramon Manuel Elizondo a/k/a Ramon Elizondo Jr., individually and d/b/a EC Wireless, EC Wireless One Touch Communications, and EC Wireless #3, Defendants.

Case No.: 16CV0098-DMS-KSC

United States District Court, S.D. California.

Signed 06/02/2016

Alana Zorrilla-Gaston, James Baldinger, Stacey Sutton, Carlton Fields Jorden Burt P.A., West Palm Beach, FL, Mark A. Neubauer, Carlton Fields Jorden Burt, LLP, Los Angeles, CA, for Plaintiff.

Eric Benink, Krause, Kalfayan, Benink & Slavens, LLP, San Diego, CA, for Defendant.

## FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST RAMON M. ELIZONDO

Dana M. Sabraw, UNITED STATES DISTRICT JUDGE

Plaintiff T-Mobile USA, Inc., a Delaware corporation ("T-Mobile"), for itself and its MetroPCS brand (collectively referred to hereafter as "MetroPCS" or "Plaintiff") brought the above-captioned lawsuit against Defendant RAMON M. ELIZONDO a/k/a RAMON MANUEL ELIZONDO a/k/a RAMON ELIZONDO JR., indi-

vidually and d/b/a EC WIRELESS, EC WIRELESS ONE TOUCH COMMUNICATIONS, EC WIRELESS #3, and SD PHONE TRADER ("Defendant"), alleging that Defendant is engaged in an unlawful enterprise involving the unauthorized and deceptive acquisition and bulk resale overseas of specially-manufactured handsets designed for use on Plaintiff's wireless service offered under various brands, including MetroPCS, ("Handsets"), the theft of MetroPCS's subsidy investment in the Handsets, the unlawful access of Plaintiff's protected computer systems and wireless network, the trafficking of protected and confidential computer passwords, and the willful infringement of Plaintiff's trademarks (collectively, the "Handset Theft and Trafficking Scheme" or the "Scheme").

MetroPCS contends that Defendant and his co-conspirators perpetrated the Handset Theft and Trafficking Scheme by acquiring large quantities of Handsets from MetroPCS and/or MetroPCS authorized retailers and dealers and by soliciting others to purchase MetroPCS Handsets in large quantities for the benefit of Defendant. MetroPCS asserts that Defendant and his co-conspirators acquired the MetroPCS Handsets with the knowledge and intent that the Handsets will not be used on the MetroPCS wireless network (as required by the MetroPCS terms and conditions), but instead, the Handsets are trafficked and the vast majority are ultimately resold as new overseas where the Handsets are not subsidized by wireless carriers (as they are in the United States). In some cases, MetroPCS asserts Defendant and his co-conspirators acquired the MetroPCS Handsets with the knowledge and intent that the Handsets will be computer-hacked or "unlocked," to disable software installed in the Handsets by the manufacturers at the request and expense of MetroPCS, which enables the activation of the MetroPCS Handsets exclusively on MetroPCS's wireless system. The purpose of the software is to allow MetroPCS to offer the Handsets at a discount to the consumer while protecting MetroPCS's subsidy investment in the Handset. MetroPCS asserts that the illegally unlocked Handsets are trafficked and resold as new by Defendant, at a premium, under the MetroPCS trademarks.

MetroPCS Handsets are sold subject to terms and conditions ("Terms and Conditions") which conspicuously restrict and limit the sale and use of the Handsets. The packaging of every MetroPCS Handset provides that by purchasing or opening the package, activating, using, or paying for MetroPCS service, the purchaser agrees to the MetroPCS Terms and Conditions posted on www.metropcs.com. Purchasers have the option to return the MetroPCS Handset in accordance with the return policy if they do not agree to the Terms and Conditions. The methods used by MetroPCS for obtaining its customers' agreement to the Terms and Conditions are legally valid and appropriate, and the Terms and Conditions constitute a valid and binding contract between MetroPCS and each of its customers.

As a result of Defendant's involvement in the Handset Theft and Trafficking Scheme, MetroPCS has asserted claims against Defendant for unfair competition, tortious interference with business relationships and prospective advantage, conspiracy, unjust enrichment, common law fraud and fraudulent misrepresentation, violations of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et seq., federal trademark infringement under 15 U.S.C. § 1114, federal common law trademark infringement and false advertising under 15 U.S.C. § 1125(a)(1)(A) and (B), contributory trademark infringement, and unfair competition in violation of California

Business & Professions Code § 17200 *et seq.*

Based on the stipulation of the parties, and having reviewed the Complaint and file and being otherwise duly and fully advised in the premises, it is hereby:

**ORDERED, ADJUDGED** and **DECREED** that:

**metroPCS.**

MetroPCS uses the MetroPCS Marks on and in connection with its telecommunications products and services. The MetroPCS Marks are valid, distinctive, protectable, famous, have acquired secondary meaning, and are associated exclusively with MetroPCS.

3. The Terms and Conditions and the language in and on the packaging constitute a valid and binding contract enforceable between MetroPCS and each of its customers. The Court finds the Terms and Conditions set forth certain rights and restrictions on the use of MetroPCS Handsets. Among other things, the Terms and Conditions: (a) require that the customer pay applicable service charges and other related fees; (b) indicate that the Handset is designed to be activated on the MetroPCS network; (c) prohibit resale of MetroPCS Handsets and related products and services for profit; and (d) prohibit using the Handsets for a purpose that could damage or adversely affect MetroPCS, for which MetroPCS is entitled to relief.

4. The conduct set forth in the Complaint constitutes violations of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a)(1)(A) and (B) (federal trademark infringement and false advertising). The Court further finds that the conduct also constitutes un-

1. This Court has jurisdiction over all the parties and all of the claims set forth in MetroPCS's Complaint.

2. MetroPCS has the right to use and enforce rights in the standard character and stylized MetroPCS® mark (collectively, the "MetroPCS Marks"), as depicted below:

**metroPCS**

fair competition, tortious interference with business relationships and prospective advantage, conspiracy, unjust enrichment, common law fraud and fraudulent misrepresentation, violations of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*, contributory trademark infringement, and unfair competition in violation of California Business & Professions Code § 17200 *et seq.*

5. MetroPCS has suffered damages, including loss of goodwill and damage to its reputation, as a result of Defendant's conduct. On review and consideration of all relevant factors, MetroPCS is entitled to damages and injunctive relief on the claims as set forth in the Complaint.

6. Final judgment for liability is hereby entered against Defendant RAMON M. ELIZONDO a/k/a RAMON MANUEL ELIZONDO a/k/a RAMON ELIZONDO JR., individually and d/b/a EC WIRELESS, EC WIRELESS ONE TOUCH COMMUNICATIONS, EC WIRELESS #3, and SD PHONE TRADER and in favor of the Plaintiff, on all of the claims set forth in Plaintiff's Complaint.

7. For all T-Mobile brands now and in the future, Defendant and all of his past and present agents, officers, directors, successors, assigns, parents, subsidiaries, af-

filiates, related companies, predecessors-in-interest, companies, agents, employees, heirs, personal representatives, beneficiaries, relatives, and all other persons or entities acting or purporting to act for him or on his behalf, including, but not limited to, any corporation, partnership, proprietorship or entity of any type that is in any way affiliated or associated with Defendant or Defendant's representatives, agents, assigns, parent entities, employees, independent contractors, associates, servants, affiliated entities, and any and all persons and entities in active concert and participation with Defendant who receive notice of this Order, shall be and hereby are PERMANENTLY ENJOINED from:

 a. acquiring, purchasing, selling, unlocking, reflashing, altering, advertising, soliciting and/or shipping, directly or indirectly, any new Handsets;

 b. supplying Handsets to or facilitating or in any way assisting other persons or entities who Defendant knows or should know are engaged in the purchase or sale of Handsets or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in the Handsets;

 c. acquiring, advertising or reselling MetroPCS or T-Mobile services;

 d. engaging in any of the conduct described in the Complaint as the "Handset Theft and Trafficking Scheme;"

 e. accessing MetroPCS's or T-Mobile's computer networks either directly or through a MetroPCS or T-Mobile representative or customer or a third-party;

 f. supplying Handsets to or facilitating or in any way assisting other persons or entities who Defendant knows or should know are engaged in any of the acts prohibited under this Permanent Injunction, including, without limitation, the buying and/or selling of Handsets;

 g. knowingly using the MetroPCS Marks or any other trademark, service mark, trade name and/or trade dress owned or used by MetroPCS now or in the future, or that is likely to cause confusion with MetroPCS's Marks, without MetroPCS's prior written authorization;

 h. holding themselves out as being associated with, employed by or on behalf of, or acting as an agent, representative or authorized partner of MetroPCS; and

 i. advertising any products or services that have any purported connection to MetroPCS or any of MetroPCS's affiliates.

8. The acquisition, sale or shipment of any new Handsets within and/or outside of the continental United States without Plaintiff's prior written consent is and shall be deemed a presumptive violation of this permanent injunction.

9. The address of Defendant Ramon Elizondo, individually is 218 29th Street, San Diego, CA 92102.

10. Defendant waives any and all rights to challenge the validity of this Final Judgment in this Court or in any other court, and specifically waive his right of appeal from the entry of this Final Judgment.

11. The Court retains jurisdiction over this matter and the parties to this action to enter an award of damages against Defendant and to enforce any violation of the terms of this Permanent Injunction by a finding of contempt and an order for payment of compensatory damages to Plaintiff in an amount of $5,000 for each new Handset that Defendant is found to have acquired, purchased, sold and/or unlocked in violation of this Injunction. The Court

finds that these amounts are compensatory and will serve to compensate Plaintiff for its losses in the event Defendant violates the terms of this Order.

12. The Court hereby finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay and orders that Judgment shall be entered against Defendants as set forth herein.

DONE AND ORDERED this 2nd day of June, 2016.